UNITED STATES, Appellee

v.

John B. CARY Jr., Airman First Class
U.S. Air Force, Appellant

No. 05-0403

Crim. App. No. S30146

United States Court of Appeals for the Armed Forces

Argued October 20, 2005

Decided January 12, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and BAKER and ERDMANN, JJ., joined.  CRAWFORD, J., filed a
separate opinion, concurring in the result.


Counsel


For Appellant:  Major Sandra K. Whittington (argued).


For Appellee:  Major Lane A. Thurgood (argued); Lieutenant
Colonel Robert V. Combs and Lieutenant Colonel Gary F. Spencer
(on brief); Major Kevin P. Stiens.




Military Judge:  David F. Brash


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of dereliction of duty (two specifications), carnal knowledge, and obstruction of justice, in violation of Articles 92, 120, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 934 (2000). He was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $500.00 pay per month for six months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the United States Air Force Court of Criminal Appeals affirmed the findings and the sentence. United States v. Cary, 2005 CCA LEXIS 73; 2005 WL 486140 (A.F. Ct. Crim. App. Feb. 8, 2005).

On Appellant's petition, we granted review of the following issues:

> I. WHETHER PRESENTING EVIDENCE TO THE MILITARY JUDGE THAT APPELLANT HAD PREVIOUSLY RECEIVED NONJUDICIAL PUNISHMENT UNDER ARTICLE 15, UNIFORM CODE OF MILITARY JUSTICE, WAS PLAIN ERROR WHEN APPELLANT HAD NOT IN FACT EVER RECEIVED NONJUDICIAL PUNISHMENT UNDER ARTICLE 15.
>
> II. WHETHER THE TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN SENTENCING AND POST-TRIAL PROCESSING BY FAILING TO OBJECT TO THE REFERENCE TO NONJUDICIAL PUNISHMENT ON THE PERSONAL DATA SHEET.

For the reasons set forth below, we affirm.

2

I.   BACKGROUND

Appellant was convicted of offenses pertaining to sexual activity with minor female dependents.  Two of the offenses involved violating a base regulation against having under age dependents in his dormitory room; one offense pertained to sexual intercourse with one of the dependents, who was under the age of sixteen; and the third offense concerned obstruction of justice by asking one of the dependents to lie to investigators.

During the sentencing proceeding in this judge-alone trial, trial counsel provided the defense with a document that the prosecution intended to introduce, a personal data sheet summarizing Appellant's service.  The document was admitted without objection.  In the midst of data summarizing Appellant's personal records, the document contained the following entry: "NO. OF PREVIOUS ARTICLE 15 ACTIONS:  1."  See Article 15, UCMJ, 10 U.S.C. § 815 (2000) (nonjudicial punishment).  The entry did not describe the basis for or result of any nonjudicial punishment proceeding.  Trial counsel specifically introduced two administrative records reflecting negatively on Appellant, but did not introduce any record of a nonjudicial punishment proceeding, nor did trial counsel refer to nonjudicial punishment in his sentencing argument or otherwise.  The military judge made no mention of nonjudicial punishment.  The reference to Article 15 on the personal data sheet appears to

have been a clerical error, as neither party contends that Appellant ever received nonjudicial punishment.

Following the trial, the convening authority, upon recommendation of the staff judge advocate, approved the sentence as adjudged. See Article 60, UCMJ, 10 U.S.C. § 860 (2000). Although the staff judge advocate's recommendation referred to the attached personal data sheet, the recommendation described Appellant's prior service as "satisfactory" and did not mention nonjudicial punishment. Prior to consideration by the convening authority, the staff judge advocate's recommendation was served on defense counsel, who offered no objection.

## II. DISCUSSION

In the absence of objection in the circumstances of this case, we proceed under the "plain error" standard set forth in United States v. Powell, 49 M.J. 460, 463, 465 (C.A.A.F. 1998). We must determine whether there was error, whether it was plain, and whether it materially prejudiced a substantial right of the accused. See United States v. Finster, 51 M.J. 185, 187 (C.A.A.F. 1999).

To place this matter in context, we note that a commander has considerable discretion in deciding whether an offense is a minor offense subject to punishment under Article 15. See

Manual for Courts-Martial, United States pt. V, para. 1.e (2005 ed.).  Nonjudicial punishment can be used to cover a wide variety of offenses, ranging from an incidental infraction during initial training to a significant dereliction by a member of a command's permanent party.  See generally id. para. 1.d.  A data entry listing the numeral "1" after "Article 15" -- without any reference to the nature of the offense or the type of punishment -- is not particularly informative.  Military judges, staff judge advocates, and convening authorities know this, and it is highly unlikely that an official responsible for adjudicating or approving a sentence would focus on the term "Article 15" without seeking further information about the significance of the entry.

In that regard, it is noteworthy that trial counsel made no mention of the nonjudicial punishment, even though he specifically introduced records of less serious administrative actions.  The staff judge advocate, who likewise did not refer to nonjudicial punishment, instead described Appellant's service as satisfactory.  In that context, although the error of introducing the personnel data sheet that contained the numeral "1" after "Article 15" may have been "plain," Appellant has not demonstrated that the military judge or the convening authority considered this entry.

United States v. Cary, No. 05-0403/AF

In the present case, Appellant was charged with offenses for which he could have received the jurisdictional maximum at his special court-martial of one year of confinement. The adjudged and approved confinement was considerably less -- 180 days. In that context, the absence of any reliance on the erroneous information by the prosecution or the staff judge advocate underscores the absence of any prejudice under the plain error test. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

With respect to Appellant's claim of ineffective assistance of counsel, an even higher standard of prejudice applies. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Scott, 24 M.J. 186, 188 (C.M.A. 1987). In this guilty plea case, where the primary concern of the client would be on the sentence, defense counsel should have given careful attention to the evidence that would be introduced during sentencing. Assuming counsel was ineffective in not objecting to the data sheet with the incorrect entry, the defense must show that absent such error, there is a reasonable probability of a different result. United States v. Polk, 32 M.J. 150, 153 (C.M.A. 1991). In view of our conclusion on the issue of prejudice under the plain error analysis, any deficiency here does not establish prejudice with respect to the issue of ineffective assistance of counsel.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

CRAWFORD, Judge (concurring in the result):

The plain error issue is not unique to military practice. The Rules for Courts-Martial (R.C.M.) are modeled after the Federal Rules of Criminal Procedure, and accordingly, we should follow the guidance provided by our superior court in applying or interpreting our rules. Specifically, we should apply Supreme Court precedent in determining whether we should correct an error not raised at trial. While I initially agreed with the "plain error" standard set forth in United States v. Powell, 49 M.J. 460 (C.A.A.F. 1998), upon reflection, I have recognized my mistake and have since followed Supreme Court precedent. See, e.g., United States v. Kho, 54 M.J. 63, 65-66 (C.A.A.F. 2000)(Crawford, C.J., concurring in the result). In Kho, I stated:

> I see no difference between an error that "materially prejudices . . . substantial rights" under Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a), or an error that "affects substantial rights" under Fed. R. Crim. P. 52(b). As the Court in Johnson [v. United States, 520 U.S. 461, 466-67 (1997)] indicated, an appellate court may "notice a forfeited error." A finding or sentence "may not be held incorrect" "unless the error materially prejudices the substantial rights of the accused." Thus, both prong four of Johnson and Article 59(a) instruct appellate courts as to when they may set aside the findings and sentence. The appellate court then analyzes whether the error was harmless. That is, it is possible to have an error that "materially prejudices . . . substantial rights," such as a constitutional violation, i.e., a confession obtained in violation of the Fifth Amendment, but still affirm the conviction. I view the application of these four prongs to be the

> same, whether employed by a court of discretionary
> appeal or a court with mandatory review.

Id. at 66.

Absent articulation of a legitimate military necessity or distinction, or a legislative or executive mandate to the contrary, this Court has a duty to follow Supreme Court precedent. Sadly, this is not an isolated incident where this Court has departed from the settled law of the Supreme Court when examining a constitutional right,[1] or when interpreting the

---

[1] See, e.g., United States v. Kreutzer, 61 M.J. 293 (C.A.A.F. 2005)(failed to follow federal precedent and instead held constitutional right to a mitigation specialist); United States v. Roberts, 59 M.J. 323 (C.A.A.F. 2005)(refused to follow Supreme Court's standard of review for wrongful nondisclosure set out in cases such as Strickler v. Greene, 527 U.S. 263 (1999)); United States v. Mapes, 59 M.J. 60 (C.A.A.F. 2003)(failed to follow independent source rule set forth in Silverthorne Lumber Co., Inc. v. United States, 251 U.S. 385 (1920)); United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003)(failed to allow a waiver of double jeopardy claim as provided in United States v. Tateo, 377 U.S. 463 (1964)); United States v. Brennan, 58 M.J. 351 (C.A.A.F. 2003)(failed to require the showing of "infliction of punishment [as] a deliberate act intended to chastise or deter," indicated in Wilson v. Seiter, 501 U.S. 294, 300 (1991)); United States v. Redlinski, 58 M.J. 117 (C.A.A.F. 2003)(failed to follow Henderson v. Morgan, 426 U.S. 637 (1976), and Marshall v. Lonberger, 459 U.S. 422 (1983)); United States v. Quiroz, 55 M.J. 334 (C.A.A.F. 2001)(refused to follow Supreme Court practice on double jeopardy and multiple punishment set forth in Blockburger v. United States, 284 U.S. 299 (1932)); United States v. Kelly, 45 M.J. 259 (C.A.A.F. 1996)(failed to follow Supreme Court teachings on the right to counsel articulated in Nichols v. United States, 511 U.S. 738 (1994), and Middendorf v. Henry, 425 U.S. 25 (1976)); United States v. Manuel, 43 M.J. 282 (C.A.A.F. 1995)(failed to follow California v. Trombetta, 467 U.S. 479 (1984), and Arizona v. Youngblood, 488 U.S. 51 (1988), with regard to the destruction of evidence); United States v.

2

United States v. Cary, No. 05-0403/AF

same or a similar statute.[2]  As I recently pointed out in United States v. Martinelli, 62 M.J. 52 (C.A.A.F. 2005), the "specialized society" that we serve "is populated not only by the uniformed men and women who bravely serve our Nation, but by their spouses and children, all of whom have every right to expect a measured and rational application of law by trial and appellate courts."  Id. at 86-87 (Crawford, J., dissenting). Failure to follow Supreme Court precedent not only places the jurisprudence of this Court outside the judicial mainstream, but also undermines that specialized society's respect for, and confidence in, the military justice system.

This case should be affirmed because Appellant failed to establish that there was a plain error that affected his substantial rights.  Furthermore, Appellant has failed to establish the error "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings"

_____

Kaliski, 37 M.J. 105 (C.M.A. 1993)(failed to follow independent source principle set forth in Silverthorne Lumber Co., Inc.). In the past, this Court has refused to follow Purkett v. Elem, 514 U.S. 765 (1995), with respect to peremptory challenges. See, e.g., United States v. Hurn, 55 M.J. 446 (C.A.A.F. 2001); United States v. Chaney, 53 M.J. 383 (C.A.A.F. 2000).

[2] See, e.g., United States v. Perron, 58 M.J. 78 (C.A.A.F. 2003) (failed to follow Supreme Court precedent regarding specific performance of pretrial agreements, such as Santobello v. New York, 404 U.S. 257 (1971)); Cf. United States v. Mizgala, 61 M.J. 122 (C.A.A.F. 2005)(contrasting Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810 (2000), the Speedy Trial Act of 1974, Pub. L. No. 93-619, 88 Stat. 2076, and R.C.M. 707).

3

in his case.  Johnson, 520 U.S. at 467 (quotation marks and citations omitted).