CRAWFORD, Judge
(dissenting):
I respectfully dissent from the majority’s refusal to apply this Court’s longstanding precedent. See, e.g., United States v. Brown, 45 M.J. 389, 394 (C.A.A.F.1996) (the majority rejected appellant’s argument challenging the anti-union statute, 10 U.S.C. § 976, and noted that “[a]n alternative ground for upholding appellant’s conviction would be to affirm the conviction for an offense closely related to the offense charged”); United States v. Epps, 25 M.J. 319 (C.M.A.1987)(upheld guilty plea for closely related offense). There is not a “substantial basis” in law or fact to set aside the plea in this case. United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). Appellant admitted he was a principal to the wrongful sale of military property. Thus, Appellant’s admissions would certainly encompass the “closely related” offense of suffering the sale of military property.
FACTS
Pursuant to his pleas, Appellant was convicted of the following offenses:
Specification of Charge I — conspiracy with Private First Class (PFC) Christopher D. Edwards to steal TA-50 governmental equipment and “in order to effect the object of the conspiracy ... did knowingly furnish his vehicle to be used as a transport to the store in which the items were sold.”
Specification 1, Charge II — -“willfully suffer TA-50 [equipment] ... to be sold to the Cove Army Store” on July 24, 2002.
Specification 2, Charge II — “willfully suffer TA-50 [equipment] ... to be sold to the Rancier Army Store” on July 27, 2002.
Specification of Charge III — housebreaking.
During the inquiry on the providence of the plea, Appellant admitted he entered into a conspiracy with PFC Edwards to steal and sell military equipment (TA-50). As part of the conspiracy, he assisted PFC Edwards with the housebreaking and theft, and on July 27, 2002, drove PFC Edwards to one off-post store where PFC Edwards sold the military property (Charge II, specification 1) and on July 28, 2002, knowingly permitted PFC Edwards to take his car to sell part of the stolen property on another date (Charge *285 II, specification 2). After the military judge’s explanation of the plea and inquiry, the defense did not think any “additional inquiry [was] required regarding [the conspiracy] offense.” Bradshaw v. Stumpf, — U.S. -, -, 125 S.Ct. 2398, 2406, 162 L.Ed.2d 143 (2005) (“Where a defendant is represented by competent counsel, the court usually may rely on that counsel’s assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.”)[1]
Appellant knew the value of the stolen property alleged in specifications 1 and 2; in fact, as to specification 2, he said the value was $1,200. After PFC Edwards sold the property at Rancier, he received some battle dress uniforms and about $200. Appellant admitted that “suffered” means allowing the property to be “wrongfully disposed of or sold.”
He also stipulated to the following facts:
3. Facts: On or about 27 July 2002, PFC Christopher Edwards and Private Erick Aleman agreed to commit the offense of larceny. The agreement was not express, however, Private Aleman provided assistance to PFC Edwards in his scheme to steal TA-50 and sell it to local pawnshops. On 27 July 2002, Private Aleman drove PFC Edwards to the Copperas Cove Store. On 28 July 2002, Private Aleman and PFC Edwards drove around to the surplus store at the mall. PFC Edwards was not able to sell the TA-50, and the two went back to the barracks without selling the TA-50. PFC Edwards then borrowed Private Aleman’s car on two other oceasions. He used the car to go to stores on Rancier to sell TA-50.
Appellant admitted the facts in the stipulation were correct.
Appellant admitted he entered into an agreement with PFC Edwards to commit larceny, and that the agreement continued to exist while Appellant was a party to the agreement. The overt act performed as to Charge II, specification 1, was driving PFC Edwards to the Cove Army store, and as to Charge II, specification 2, was furnishing his vehicle so the stolen property could be sold. When one causes an act to be done, in this ease the sale, that person is as guilty as if he carried out that act himself.
It is disturbing that this Court has refused to follow, or ignored, Supreme Court precedent when construing similar statutes or rules, or interpreting constitutional rights. United States v. Cary, 62 M.J. 277, 279 (C.A.A.F.2006)(Crawford, J., concurring in the result). But by refusing to apply our own case law, or even offering a rationale for its refusal, the majority undermines stability, predictability, and confidence in the military justice system. We should not pick and choose when we apply our precedent. See, e.g., United States v. Martinelli 62 M.J. 52, 87 (C.A.A.F.2005) (Crawford, J., dissenting) (“lead opinion departs from our own precedent”).
Under the “closely related” offense rationale, Appellant’s conviction should be affirmed under Epps and Brown. Thus, I respectfully dissent.

. It is curious that the majority is concerned about Stumpf, a habeas case, when the seminal case as to an adequate providence inquiry, United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969), relies to a large extent on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (habeas corpus petitioner challenging voluntariness of plea), and Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). See also Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)(habeas case where the Court looked at the colloquy and the stipulation of fact to determine the voluntariness of the plea); Marshall v. Lonberger, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) (habeas case examining voluntariness of plea).