CRAWFORD, Judge
(dissenting):
Once again the majority fails to apply Supreme Court precedent in interpreting the same or a similar statute or rule. See, e.g., United States v. Cary, 62 M.J. 277, 279 (C.A.A.F.2006) (Crawford, J., concurring in the result) (the Rules of Courts-Martial are based on the Federal Rules of Criminal Procedure and we should follow guidance of our superior court in applying or interpreting rules). Thus, I respectfully dissent from this Court’s continuing pattern of ignoring or refusing to follow the precedent of our superior court.
Based on Ohler v. United States, 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000), and Luce v. United States, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), I would hold that any issue regarding the rebuttal of character evidence for peacefulness by the Government was not preserved for appeal when Appellant did not submit his character evidence mentioned at the time of the motion. This case is similar to Luce, where the Supreme Court held that an appellant who did not testify may not challenge on appeal an in limine ruling as to the admissibility of a prior conviction and its use for impeachment under Fed.R.Evid. 609(a). Luce, 469 U.S. at 43, 105 S.Ct. 460. The appellant in Ohler also lost an in limine motion and sought to take the sting out of a prior conviction by testifying and minimizing the conviction that the judge ruled admissible under Fed.R.Evid. 609. Ohler, 529 U.S. at 755, 120 S.Ct. 1851. Again, the Supreme Court held that the appellant’s action in testifying about the prior conviction precluded him from challenging, the in limine ruling on the admission of the prior conviction. Id. at 755, 120 S.Ct. 1851. In Luce, the Supreme Court reasoned that the judge needs to make the ruling in the context of what would happen at trial, otherwise, the record is incomplete, and a “reviewing court is handicapped in any effort to rule on the subtle evidentiary questions outside a factual context.” Luce, 469 U.S. at 41,105 S.Ct. 460.
An appellate court has no way of knowing whether the government would actually seek to introduce such evidence if its case were strong. The government may elect not to use arguably inadmissible evidence. As the case here now stands, this Court is encouraging defense counsel to “create” appellate error, even when the defense may not want to admit the evidence.
Additionally, I respectfully dissent from the majority’s “find[ing of an] unreasonable lengthy delay.” See United States v. Moreno, 63 M.J. 129, 144 (C.A.A.F.2006) (Crawford, J., concurring in part and dissenting in part).