# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman THOMAS N. COLLINS II
### United States Air Force

### ACM S32242

### 18 August 2015

Sentence adjudged 19 March 2014 by SPCM convened at Joint Base San Antonio-Randolph, Texas. Military Judge: Bradley A. Cleveland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 90 days, and a reprimand.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Meredith L. Steer; Major Jason S. Osborne; and Gerald R. Bruce, Esquire.

Before

HECKER, SANTORO, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of absence without leave terminated by apprehension and one specification of wrongful appropriation of military property in violation of Articles 85 and 121, UCMJ, 10 U.S.C. §§ 885, 921. The adjudged and approved sentence was a bad-conduct discharge, confinement for 90 days, and a reprimand.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant argues that his sentence is inappropriately severe. We specified the following issue: whether the convening authority was properly advised before taking action when the staff judge advocate's recommendation (SJAR) and its addendum were signed by two different officers from different legal offices who both claimed simultaneously to be his staff judge advocate. We also consider whether the military judge committed plain error in admitting an erroneous personal data sheet and whether the staff judge advocate erred in submitting that same erroneous personal data sheet to the convening authority.

*Background*

The appellant was a military recruiter. His wife became unhappy with the demands of his position and told him she was going to return to her parents' home with the appellant's two children. Not wanting to be away from his family, the appellant went with them and was away from his unit for approximately two and a half months until he was apprehended by civilian law enforcement pursuant to a military desertion notice. When he left his unit, the appellant took with him a government laptop computer that had been issued to him by the Air Force.

*Admission of Erroneous Personal Data Sheet*

Without objection, the military judge admitted into evidence a personal data sheet (PDS) that said "N/A" for both overseas service and combat service. This same personal data sheet was attached to the staff judge advocate's post-trial recommendation to the convening authority. However, other evidence adduced at trial and the appellant's unsworn statement reflects that he deployed three times to combat zones.

Ordinarily we review a military judge's decision to admit evidence for an abuse of discretion. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008). However, because there was no objection at trial to the admission of the PDS, we review under a plain error analysis. *See United States v. Cary*, 62 M.J. 277, 278 (C.A.A.F. 2006). Thus, the appellant must show (1) that error occurred; (2) that it was plain, clear, or obvious; and (3) that it materially prejudiced a substantial right. *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008).

There is no doubt that the military judge was fully aware of the appellant's combat service. A psychologist who testified for the defense discussed the effect his deployments had on his mental health, his enlisted performance reports reflected his deployments, the PDS noted deployment-related awards and decorations, and his unsworn statement noted his deployments. We thus find no material prejudice to a substantial right by the admission of an erroneous PDS at trial.

That same erroneous PDS was provided to the convening authority before he took action. Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (*citing United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[1] any later claim of error in the absence of plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

An error in a post-trial SJAR to the convening authority, however, "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id*.

In this case, the staff judge advocate attached to the SJAR a PDS that incorrectly stated the appellant had no combat service. This was plain or obvious error.[2] Thus, "[t]he only question before us is whether the [erroneous PDS] resulted in material prejudice to Appellant's substantial right to have his request for clemency judged on the basis of an accurate record." *See United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice'" affecting his opportunity for clemency.

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005), both indicate that waiver occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal. (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, 73 M.J. 914 (A.F. Ct. Crim. App. 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

[2] Prior to 2010, Rule for Courts-Martial 1106(d)(3)(C) expressly stated that the staff judge advocate must provide the convening authority with a "summary of the accused's service record." *See Manual for Courts-Martial, United States* (*MCM*), Part II, II-150 (2008 ed.). In 2010, the rule was modified to eliminate that requirement, although the Drafter's Analysis states this was done to "allow[] for the use of personnel records of the accused instead." *MCM*, A21-88 (2012 ed.). Regardless of the language of the rule, the information provided to the convening authority must be correct.

*Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *Scalo*, 60 M.J. at 436–37.

Although the PDS failed to properly reflect it, the record indicates that the convening authority was made aware of the appellant's combat service. Both the trial defense counsel and the appellant commented on his combat service in their respective memoranda to the convening authority requesting clemency. His trial defense counsel specifically noted that he served as base security in Kyrgyzstan for six months, at Joint Base Balad, Iraq for six months, and in Japan for six months. We do not believe it is reasonably possible that inclusion of the deployments in the PDS would have influenced the convening authority to act any differently. We thus find no "colorable showing of possible prejudice" from the erroneous PDS.

R.C.M. 1106 requires that before the convening authority takes action on the findings and sentence of a court-martial, he receive a recommendation from his staff judge advocate. The purpose of the SJAR is to assist the convening authority, who is often not legally trained, exercise his command prerogative. R.C.M. 1106(d)(1).

The convening authority in this case was the commander of the 502d Installation Support Group, Joint Base San Antonio-Lackland, Texas. The SJAR was signed by then-Lieutenant Colonel (now Colonel) K.O., who identified herself as the staff judge advocate for the 502d Security Forces and Logistics Support Group which is based at Joint Base San Antonio-Randoph, Texas. Colonel K.O.'s SJAR advised the convening authority that she had considered all the matters in the record of trial, determined that the findings and sentence were appropriate, and recommended that they be approved. Colonel K.O.'s SJAR makes no mention of any consultation with any other staff judge advocate in reaching her conclusions.

The appellant submitted matters in response to the SJAR but he did not object to the SJAR's being signed by Colonel K.O. Thereafter, Colonel A.O. prepared an addendum to the initial SJAR. Colonel A.O. identified himself as the staff judge advocate for the 502d Installation Support Group. In his addendum, he wrote that he had "reviewed the attached clemency matters submitted by the defense. *My* earlier recommendation remains unchanged." (Emphasis added). There is no indication in the record of trial that Colonel A.O. had previously advised the convening authority with respect to the findings and sentence in this case and there was no explicit recommendation contained in the addendum. Colonel A.O. signed the court-martial order on behalf of the convening authority ultimately approving the findings and sentence.

In response to the specified issue, Colonel K.O. submitted an unrebutted affidavit describing both the command structure in San Antonio, Texas, as well as her involvement with this case. In essence, there are three distinct special court-martial convening

authorities (SPCMCAs) within the San Antonio area:  one at JBSA-Lackland, one at JBSA-Randolph, and one at JBSA-Fort Sam Houston.  One general court-martial convening authority, the commander of the 502d Air Base Wing, is superior in command to the three SPCMCAs.

As noted above, the convening authority in this case was the commander at JBSA-Lackland.  Colonel A.O. was the staff judge advocate for the SPCMCA at JBSA-Lackland while Colonel K.O. was the staff judge advocate to the SPCMCA at JBSA-Randolph.  The government does not argue that Colonel K.O. was, in fact, the staff judge advocate for the SPCMCA in this case.

Instead, the government appears to argue that Colonel A.O.'s statement in the addendum that "[m]y earlier recommendation remains unchanged" signifies that Colonel A.O. considered and adopted Colonel K.O.'s recommendation and, therefore, gave his own personal advice to the convening authority.  We decline to adopt the government's reading of the addendum.  There was nothing contained within the record of trial—prior to our specifying this issue—that indicated that Colonel A.O. had made any prior recommendation in this case.

The government next argues that if a deputy staff judge advocate can sign as "acting staff judge advocate" and comply with Article 60(d), then a staff judge advocate assigned to a different organization is similarly able to provide advice pursuant to Article 60(d).  We also reject this argument.  Unlike when a deputy staff judge advocate is "acting for" the staff judge advocate, there is no evidence here to suggest that Colonel A.O. was unavailable or otherwise unable to perform his statutory duties for *his* convening authority.  Moreover, R.C.M. 1106(c)(1) specifically establishes the procedure to be followed when the staff judge advocate is not available or disqualified from providing a recommendation.  That procedure was not followed here.[3]

Because the staff judge advocate to the convening authority was apparently present and available for duty, and someone other than that staff judge advocate (or a person authorized by R.C.M. 1106(c)(1)) prepared the SJAR, there was error and that error was plain or obvious.  The appellant must still establish prejudice, however, to merit relief.

The appellant asserts no prejudice other than the violation of R.C.M. 1106.  The appellant also does not dispute that it was Colonel A.O. who should have provided the recommendation.  Therefore, in assessing whether there was any prejudice stemming from the R.C.M. 1106 violation, we consider what information the convening authority should have received as compared to what information he actually received.

---

[3] We likewise find inapposite the suggestion that Colonel K.O. could sign the staff judge advocate's recommendation as a quasi-deputy staff judge advocate to Colonel A.O., as the Colonels O's are spouses and therefore Colonel K.O. could not have served as Colonel A.O.'s deputy.

R.C.M. 1106(d)(3) requires that the convening authority be provided: (1) a copy of the report of results of trial, (2) a copy or summary of any pretrial agreement, (3) any clemency recommendation by the sentencing authority, and (4) the staff judge advocate's concise recommendation. In this case, the convening authority received (as part of Colonel K.O.'s SJAR) the first three required items. Because we have determined that Colonel K.O.'s ultimate "concise recommendation" was ineffective, we consider whether the contents of Colonel A.O.'s addendum satisfy this fourth requirement.

Colonel A.O.'s addendum included, among other things, a proposed action for the convening authority approving the findings and sentence. Although Colonel A.O. properly told the SPCMCA that he could take other action if desired, Colonel A.O. provided no other proposed orders. This is circumstantial evidence from which the convening authority could conclude that it was Colonel A.O.'s recommendation that he approve the findings and sentence. Moreover, the addendum also included Colonel K.O.'s initial SJAR (and its recommendation) without any indication that Colonel A.O. disagreed with its contents. This is also circumstantial evidence from which the SPCMCA could conclude that Colonel A.O. concurred with Colonel K.O.'s assessment.

Finally, and perhaps most compellingly, the SPCMCA submitted a post-trial affidavit in which he stated that it was his understanding that both the proposed pretrial agreement and post-trial recommendation, although signed by Colonel K.O., had been coordinated with and agreed to by Colonel A.O. The SPCMCA's belief was that it was Colonel A.O.'s recommendation that the findings and sentence be approved. Colonel K.O.'s affidavit corroborates the SPCMCA's statements and both are unrebutted by the appellant. Based on these facts we conclude that the SPCMCA would have taken the same action had Colonel A.O. provided the SJAR and thus discern no prejudice to the appellant.

*Sentence Appropriateness*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

The maximum sentence that could have been approved was the jurisdictional limit of a special court-martial: a bad-conduct discharge, confinement for 12 months, reduction to E-1, and forfeitures. The appellant negotiated a pretrial agreement with the convening authority that limited approved confinement to six months if accompanied by a bad-conduct discharge and eight months if not. The approved sentence was clearly within the discretion of the convening authority and contemplated by the appellant when he offered to plead guilty.

The appellant's absence from his unit and his performance immediately prior to his absence resulted in the shifting of his recruiting duties to other already-overburdened recruiters. The appellant urges us to consider the entirety of his 10-year military career and find the bad-conduct discharge to be inappropriately severe. In addition to the misconduct at issue in this court-martial, the appellant previously received nonjudicial punishment for misusing his government travel card, a referral enlisted performance report for the same misconduct, a letter of counseling for making a false statement, and a letter of reprimand for misuse of his government fleet charge card. We have carefully considered the appellant and his offenses and do not find his approved sentence to be inappropriately severe.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are

**AFFIRMED.**

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

ACM S32242