**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman PATRICK D. O'NEIL**
**United States Air Force**

**ACM S32257**

**26 October 2015**

Sentence adjudged 8 May 2014 by SPCM convened at Robins Air Force Base, Georgia. Military Judge: William C. Muldoon, Jr.

Approved Sentence: Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz and Brian L. Mizer, Esquire.

Appellate Counsel for the United States: Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

MITCHELL, TELLER, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a special court-martial, Appellant was found guilty, consistent with his pleas, to using marijuana on divers occasions and a single use of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. A panel of officers sentenced Appellant to a bad-conduct discharge and reduction in rank to E-1. The convening authority approved the adjudged sentence.

On appeal, Appellant contends that (1) he received ineffective assistance of counsel during the post-trial processing, (2) the prosecutor committed misconduct during

his sentencing argument by making statements that he knew to be false, and (3) his sentence to a bad-conduct discharge is inappropriately severe. Finding no error materially prejudicial to a substantial right of Appellant occurred, we affirm.

*Background*

Appellant wrongfully used marijuana at a party in November 2013 and again at a party in December 2013. At the December party, Appellant also wrongfully used cocaine. During his *Care* inquiry,[1] Appellant explained that he took more than one hit from the marijuana cigarette he smoked at the party in November. According to Appellant, this party was on a weekend and he was selected for a random urinalysis the following week.[2]

On at least five different occasions during his sentencing argument and in rebuttal, the assistant trial counsel made statements inferring that Appellant used marijuana a second time even though he knew that the random urinalysis he was subject to would yield a positive result. Based on this inference, the assistant trial counsel argued that Appellant "thumbed his nose at the Air Force" when he used marijuana at the December party. On one occasion when trial defense counsel objected to this argument, the military judge overruled but instructed the members that the argument of counsel was not evidence, rather that it was "counsel's perspective."

After trial, nothing was submitted in clemency on Appellant's behalf. This is the basis for Appellant's claim of ineffective assistance of counsel. In response to the allegation of ineffective assistance of counsel, Appellant's trial defense counsel, Captain (Capt) JM, and defense paralegal, Technical Sergeant (TSgt) SE, prepared declarations attesting to the efforts they made to consult with and assist Appellant during the clemency phase.[3] Appellant did not submit an affidavit to this court.

Additional facts necessary to resolve the assigned errors are included below.

*Ineffective Assistance of Counsel*

In advance of his court-martial, Appellant told Capt JM that his greatest concern was being sentenced to confinement. Appellant acknowledges that Capt JM presented a strong sentencing case. On appeal, however, he argues that the convening authority never heard the sentencing presentation, and that, even though he did not waive

---

[1] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

[2] Appellant's first urinalysis took place on Monday, 25 November 2013. However, the fact Appellant had his first urinalysis within 24 to 72 hours of his first marijuana use was not before the members, only that he had his first urinalysis sometime during the week following his first use.

[3] Captain JM prepared two declarations, one dated 21 November 2014 and another dated 12 December 2014. We chose to consider only portions of these declarations.

clemency, he nevertheless lost his opportunity because Capt JM failed to submit any matters on his behalf.

We review claims of ineffective assistance of counsel de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). When considering these claims, we apply the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Our superior court has applied this standard to military courts-martial, noting that "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *Mazza*, 67 M.J. at 474).

Once a sentence is adjudged by a court-martial, an accused may submit matters for a convening authority's consideration prior to taking action. Rule for Courts-Martial (R.C.M.) 1105(a). Appellant in this case was advised by Capt JM about his post-trial and appellate rights, including the right to submit clemency, and he understood his rights.

On 8 May 2014, Appellant received a memorandum from the 78th Air Base Wing legal office ("8 May memorandum") advising him, among other things, that he had 10 days to submit matters in clemency from the date he received a copy of the record of trial or the staff judge advocate's recommendation (SJAR), whichever date was later. Appellant acknowledged receipt of this memorandum and that he had been counseled by his trial defense counsel concerning his right to submit clemency. The 8 May memorandum provided Appellant the option of choosing to waive clemency or to elect to submit matters for the convening authority's consideration. Appellant chose not to elect either option. On 30 June 2014, Appellant received a copy of the record of trial. On 8 July 2014, he received a copy of the SJAR advising the convening authority to approve Appellant's sentence as adjudged.

After trial, Capt JM and TSgt SE had difficulty reaching Appellant to discuss his preferences for clemency. Between 8 and 11 July 2014, they made numerous attempts to reach him by phone and through email but received no response. Finally, on 11 July 2014, Appellant and Capt JM spoke, and Appellant indicated that he was unsure as to whether he wanted to submit matters in clemency. Later that day, Capt JM sent Appellant an email advising him that he had nothing to lose by submitting matters in clemency and that he would not receive clemency unless he asked for it. Appellant and Capt JM conferred about clemency again on 14 July 2014, and Appellant agreed to contact Capt JM later to let him know his desires. According to Capt JM, Appellant believed submitting matters in clemency to "be a waste of time."

Appellant's claim that he did not waive his right to submit matters in clemency is seemingly based on the fact that he neither elected to waive nor to submit matters in

clemency when he acknowledged receipt of the 8 May memorandum. However, Appellant was well aware that a failure to submit matters for clemency in a timely manner would constitute a waiver of this opportunity. *See* R.C.M. 1105(d)(1). There is no requirement that an accused submit matters in clemency, and while express waiver is an option, the Rules for Courts-Martial do not require it. *See* R.C.M. 1105(d)(3). There is overwhelming evidence that Appellant knew and understood his right to submit matters in clemency, that he consciously chose not to submit such matters, and that he comprehended the consequences of his decision.

Persons convicted by courts-martial retain the right to effective representation during post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). Defense counsel is responsible for post-trial tactical decisions but should act "after consultation with the client where feasible." *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994) (citation omitted). Defense counsel may not "submit matters over the client's objection." *United States v. Hood*, 47 M.J. 95, 97 (C.A.A.F. 1997). "Counsel's duty is to advise, but the final decision as to what, if anything, to submit [in clemency] rests with the accused." *United States v. Lewis*, 42 M.J. 1, 4 (C.A.A.F. 1995).

The decision to submit matters in clemency belongs to the accused, not counsel. Trial defense counsel must assist the accused during the post-trial phase. However, there is no obligation for counsel to submit matters absent their client's permission to do so, and counsel is foreclosed from submitting matters over their client's objection. In this case, Appellant evinced a desire not to submit matters in clemency despite the exhortations of his attorney. Capt JM knew that his client's primary goal was to avoid confinement, a goal that had been achieved. Appellant never provided Captain JM matters to submit in clemency or authority to submit matters on his behalf. Under these circumstances, there was nothing deficient about Capt JM's performance. Since Appellant has not met the first prong of the *Strickland* test, there is no need to determine whether Appellant was prejudiced by the failure to submit matters in clemency.

*Prosecutorial Misconduct*

Appellant avers that assistant trial counsel, both through his use of a demonstrative aid and during his sentencing argument, deliberately presented false and misleading information to the panel. The demonstrative aid at issue is a PowerPoint slide that displays a timeline. On appeal, Appellant objects to the slide because it lists the dates on which he was subject to two urinalysis tests and the dates when the results of those tests were reported to his chain of command, but does not show when Appellant was made aware of the test results. Appellant argues that this slide is misleading because it implies, without any factual basis, that Appellant knew he had been caught when he used marijuana a second time and also cocaine.

In addition, Appellant argues that assistant trial counsel deliberately misled the members when he repeatedly argued that Appellant knew he would test positive for marijuana and used it a second time regardless, or words to that effect. At trial, defense counsel twice objected to this argument asserting that it was a misstatement of the evidence. Those objections were overruled. However, the military judge instructed the panel members that the argument of counsel was not evidence and that they were to make up their own minds about the evidence in this case.

At trial, the parties stipulated that Appellant wrongfully used marijuana on divers occasions between 4 November 2013 and 17 December 2013, but that he was not notified of the positive results of his first urinalysis until on or about 17 December 2013.[4] Prior to making its sentencing argument, the Government introduced a recording of the colloquy that took place between Appellant and the military judge during the *Care* inquiry. Thus, based on Appellant's own description of his marijuana use, the fact that his first use of marijuana happened within a week of his first urinalysis was before the members, as was the fact that he inhaled marijuana multiple times on that occasion.

Because there was no objection at trial to the display of the demonstrative aid, we review this issue under a plain error analysis. *See United States v. Cary*, 62 M.J. 277, 278 (C.A.A.F. 2006). Therefore, Appellant must show (1) that error occurred; (2) that it was plain, clear, or obvious; and (3) that it materially prejudiced a substantial right. *United States v. Maynar*d, 66 M.J. 242, 244 (C.A.A.F. 2008). Even though the demonstrative aid is not evidence, merely an aid used by the assistant trial counsel during his sentencing presentation, the analysis is the same. *See United States v. Palazzo*, 372 Fed. Appx. 445, 452–453 (5th Cir. 2010); *United States v. Diaz*, ACM 33125, slip. op. at 7 (A.F. Ct. Crim. App. 15 September 2000) (failing to object to the members' impermissible viewing of a demonstrative aid resulted in a review for plain error).

None of the information contained in the slide at issue is false or misleading. Thus, the military judge committed no error in permitting assistant trial counsel to use this exhibit and refer to it during his sentencing argument. Because there was no error, plain or otherwise, there is no need for us to determine whether a substantial right of Appellant was materially prejudiced.

Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)).

> Any aggravating circumstances "directly relating to or
> resulting from the offenses of which the accused has been

---

[4] On 17 December 2013, as a result of the initial positive urinalysis and in accordance with his wing's re-inspection policy, Appellant was required to submit to a second urinalysis. Appellant tested positive for marijuana, above the Department of Defense cut-off, both times.

found guilty" can constitute aggravation evidence. R.C.M. 1001(b)(4). In arguing that such circumstances exist and should be considered by the sentencing authority in aggravation, a trial counsel is constrained by the well-established principle that they "may strike hard blows," but they are "not at liberty to strike foul ones." *Berger v. United States*, 295 U.S. 78, 88 (1935); *United States v. Toro*, 37 M.J. 313, 318 (C.M.A. 1993); *United States v. Doctor*, 21 C.M.R. 252, 259 (C.M.A. 1956). Thus, trial counsel is limited to the evidence of record and "such fair inferences as may be drawn therefrom." *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993) (quoting *United States v. Nelson*, 1 M.J. 235, 239–40, (C.M.A. 1975)). *See also United States v. Johnson*, 31 C.M.R. 188 (C.M.A. 1962).

*United States v. Bobby*, 61 M.J. 750, 755 (A.F. Ct. Crim. App. 2005).

Regardless of when Appellant was actually made aware of his positive test results, the Government introduced enough evidence to reasonably infer that Appellant knew he would test positive for marijuana use at his first urinalysis. Based on the evidence before the members, it was fair for the trial counsel to argue that Appellant wrongfully used marijuana a second time (and cocaine) even though he knew he had been caught after his prior use of marijuana.

Moreover, the military judge provided an adequate instruction. Our superior court has held that when a trial counsel makes an improper argument the appropriate remedy frequently is a curative instruction. *See United States v. Jenkins*, 54 M.J. 12, 20 (C.A.A.F. 2000) ("Court members are presumed to follow the military judge's instructions . . . . [A]n improper argument can often be cured by an appropriate limiting instruction." (citation omitted)). The military judge's instruction served as an appropriate reminder that the members should be the ultimate deciders of the facts in this case. *See United States v. Clifton*, 15 M.J. 26, 29–30 (C.M.A. 1983) ("It is axiomatic that a court-martial must render its verdict solely on the basis of the evidence presented at trial. A corollary to this principle is, as the judge instructed, that counsel's arguments are not evidence." (citation omitted)). Even though we find that the assistant trial counsel did not make an improper argument, any confusion caused by his argument would have been resolved by the military judge's instruction.

*Sentence Severity*

Finally, Appellant asserts that his sentence was too severe. We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record,

should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

We have considered this particular appellant, the nature and seriousness of his offense, his record of service, all matters contained in the record of trial, and his arguments on appeal. We note, in particular, that Appellant could have received up to a year in confinement, but, consistent with his wishes and his trial defense counsel's argument, was spared from having to spend any time in jail. We find Appellant's approved sentence is appropriate.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[5] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[5] The court-martial order (CMO) does not include pleas or findings for Specification 2. We order a corrected CMO.