# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————————

## No. ACM S32712

———————————————

### UNITED STATES
*Appellee*

**v.**

### Jackson J. MCCLENNEY
Airman First Class, U.S. Air Force, *Appellant*

———————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 September 2022

———————————————

*Military Judge*: Charles G. Warren (pretrial), Matthew P. Stoffel.

*Sentence:* Sentence adjudged on 10 May 2021 by SpCM convened at Grand Forks Air Force Base, North Dakota. Sentence entered by military judge on 9 June 2021: Bad-conduct discharge, confinement for 45 days, and reduction to E-1.

*For Appellant:* Major Kasey W. Hawkins, USAF; Sarah Urie (legal intern).[1]

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Major Sarah L. Mottern, USAF; Major John P. Patera, USAF; Major Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before POSCH, CADOTTE, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge POSCH and Judge CADOTTE joined.

———————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

[1] Ms. Urie served as a law student extern and was at all times supervised by attorneys in accordance with Rule 14.1(c) of this court's Rules of Practice and Procedure.

GOODWIN, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one charge and three specifications of wrongful use and possession of illegal drugs in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[2,3] The adjudged and approved sentence consisted of a bad-conduct discharge, 45 days of confinement, and reduction to the grade of E-1.

In this appeal, Appellant raises three assignments of error: (1) whether his record of trial (ROT) is substantially incomplete because it contains a ruling from a different court-martial as an appellate exhibit rather than the ruling from his court-martial; (2) whether he is entitled to sentence relief as a result of an error in his personal data sheet (PDS); and (3) whether he was illegally punished in violation of Article 13, UCMJ, 10 U.S.C. § 813, when his pay and TRICARE medical insurance coverage stopped upon entry into pretrial confinement.

We agree with Appellant that the Government included a ruling from a different court-martial as Appellate Exhibit VI; and that his PDS, admitted as Prosecution Exhibit 2 (PE 2), included information about civilian misconduct. We find these alleged errors did not materially prejudice Appellant's substantial rights. We also find Appellant waived the issue of illegal punishment and is not entitled to sentence relief for his claim that pay and medical insurance coverage were stopped upon entry into pretrial confinement. We therefore affirm the findings and sentence.

## I. BACKGROUND

In December 2020, NH and EH, Appellant's neighbors in Grand Forks Air Force Base, North Dakota base housing, reported to security forces that they smelled burning marijuana coming from their ventilation system. NH had training that made him familiar with the smell of burning marijuana. Security

---

[2] Appellant was convicted of one specification each of wrongful use of marijuana, possession of cocaine, and possession of steroids. Appellant was also charged with one charge and one specification of wrongful possession of drug paraphernalia in violation of Article 134, UCMJ, 10 U.S.C. § 934. The Government withdrew and dismissed with prejudice the Article 134 charge and specification pursuant to its plea agreement with Appellant.

[3] Unless otherwise specified, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3 and 5, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018).

forces personnel responded and confirmed, based on their training, the smell of burning marijuana. Based on the layout of the ventilation system, it appeared the marijuana smell was coming from Appellant's residence.

After receiving search authorization, security forces investigators entered Appellant's home where they immediately smelled burning marijuana. Investigators found in plain view, a grinder with a leafy, green substance; an ash tray with a marijuana "blunt;" and a plate containing a white powder. During the search, investigators also found a bag containing a leafy, green substance; unused syringes; vials of what field tested as steroids; and pills.

The items located in Appellant's home later tested positive for marijuana, cocaine, and steroids. Appellant's urine tested positive for tetrahydrocannabinol, a psychoactive compound in marijuana.

During Appellant's court-martial, the military judge accepted his pleas and found him guilty of wrongful use of marijuana, and wrongful possession of cocaine and steroids. Thereafter, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 45 days, and reduction to the grade of E-1.

## II. DISCUSSION

### A. Incomplete Record of Trial

Appellant first asserts that his ROT is incomplete because the military judge's ruling granting a defense request for a continuance of the court-martial is missing and contains instead an order from a different, unrelated court-martial. Appellant claims this missing appellate exhibit constitutes a substantial omission, rendering the ROT incomplete, and requiring remand. While we find the appellate exhibit of the military judge's order is missing from the authenticated ROT, we are not persuaded that the ROT is substantially incomplete or that Appellant suffered prejudice.

#### 1. Additional Background

During Appellant's arraignment on 4 March 2021, the military judge had pretrial motions and responses marked as appellate exhibits. Appellant's motion for a continuance was marked as Appellate Exhibit II. After marking several other exhibits related to the motion for a continuance, the military judge asked that the court's ruling granting the continuance be marked as an appellate exhibit. The Government did not have a copy of the order available and requested a moment to locate it. Trial defense counsel told the military judge that he had a copy of the ruling, which he provided to be marked as Appellate Exhibit VI (AE VI). The document marked as AE VI in the ROT is not, however, the ruling pertaining to Appellant's court-martial.

On 30 August 2021, the court reporter certified that the ROT was accurate and complete in accordance with Rule for Courts-Martial (R.C.M.) 1112(b). On 22 September 2021, the record was docketed with the court. When docketed, the ROT contained as AE VI the ruling from an unrelated case, and did not contain the ruling from Appellant's court-martial.

### 2. Law and Analysis

We review de novo whether a ROT is complete. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). A complete record of proceedings is required for every court-martial in which the sentence adjudged includes, among other things, a bad-conduct discharge. Article 54, UCMJ, 10 U.S.C. § 854. A complete record includes "any exhibits that were received in evidence and any appellate exhibits." R.C.M. 1112(b)(6). "[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the [G]overnment must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006). However, "[i]nsubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (holding that four missing prosecution exhibits were insubstantial omissions when other exhibits of similar sexually explicit material were included). We address whether an omission is substantial on a case-by-case basis. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999) (citation omitted).

The authenticated ROT clearly does not contain the military judge's ruling granting Appellant a continuance and instead contains as AE VI a ruling from an unrelated court-martial. The Government requested permission to attach trial counsel's declaration with the omitted order. We granted the Government's motion under *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020), and attached the declaration and the order to the appellate record. We do not consider this attachment to the appellate record a means of completing the record. The Government was required to include appellate exhibits in the record and failed to do so.

However, after reviewing the ROT and trial counsel's declaration, we conclude that the Government's inclusion of an unrelated ruling and omission of the actual ruling constituted an insubstantial omission. The missing ruling has no impact on the underlying evidence or the providence of Appellant's plea. Furthermore, because the ruling granted Appellant his requested continuance, he was not prejudiced by its omission. Consequently, we find the Government's omission was harmless, and that nothing prejudiced Appellant's substantial rights. We do not order remand and do not order the ROT returned for correction under R.C.M. 1112(d).

**B. Personal Data Sheet**

Appellant next asserts, for the first time on appeal, that he is entitled to sentence relief because PE 2, his PDS, contained references to civilian misconduct. While we agree with Appellant that PE 2 contained references to civilian misconduct, we are not persuaded that Appellant suffered any prejudice as a result.

**1. Additional Background**

During sentencing, the Government introduced PE 2. The military judge asked Appellant and counsel whether the information in the PDS was correct, and Appellant, trial defense counsel, and the Government all agreed that it was correct. The military judge admitted the PDS without defense objection. The "nature of pretrial restraint" section of Appellant's PDS states, "Wrongful use, possession of controlled substances, Drunken Operation of a Vehicle, Driving Under Suspension."

**2. Law and Analysis**

Because trial defense counsel did not object to the admission of Appellant's PDS at trial, we review this issue for plain error. *See United States v. Cary*, 62 M.J. 277 (C.A.A.F. 2006). If there exists an error in the admission of sentencing evidence, we determine "whether the error substantially influenced the adjudged sentence." *United States v. Barker*, 77 M.J. 377, 384 (C.A.A.F. 2018) (citation omitted). To determine whether an error substantially influenced a sentence, we consider "(1) the strength of the Government's case; (2) the strength of the defense case; (3) the materiality of the evidence in question; and (4) the quality of the evidence in question." *Id.* (citation omitted).

Assuming error here, Appellant has demonstrated no prejudice. The Government presented a comparatively stronger sentencing case than did Appellant. The Government introduced evidence that Appellant used and possessed multiple illegal drugs and had previously received nonjudicial punishment. In contrast, Appellant did not submit sentencing evidence or provide a sworn or unsworn statement.[4] After a successful defense objection to certified civilian convictions, the Government withdrew the evidence and did not reoffer it during its case-in-chief. The only remaining testimony regarding Appellant's civilian convictions provided foundation for opinion testimony regarding Appel-

---

[4] As discussed below, we assume trial defense counsel elected to forego sentencing evidence for a strategic purpose.

lant's rehabilitation potential. Likely for strategic purposes, trial defense counsel forewent presenting sentencing evidence.[5] Consequently, trial defense counsel kept evidence of Appellant's civilian convictions out of the record except for the limited, foundational purpose discussed above. Given the military judge's comments during sentencing about trial counsel arguing facts that were not in evidence, it is clear he gave very little weight to Appellant's civilian convictions. Consequently, we conclude that any error here did not substantially influence Appellant's sentence.

Appellant also alleges that the civilian misconduct included in his PDS "possibly influenced" the convening authority's denial of Appellant's requested clemency. Appellant did not submit a motion under R.C.M. 1104 alleging an error in post-trial processing or an error in the convening authority's action; nor did he comment on the PDS in his clemency submission. Accordingly, we review this allegation for plain error. Here, Appellant presents no evidence of prejudice. Rather, he speculates that, when deciding whether to take action, the convening authority might have recalled the civilian misconduct listed on Appellant's PDS that was part of Appellant's referral package, and that this recollection might have influenced his clemency decision.[6] Appellant's speculation, however, fails to demonstrate prejudice.

## C. Pretrial Confinement and Stoppage of Pay and Insurance Benefits

Appellant finally asserts, for the first time on appeal, that he was subjected to illegal pretrial confinement because, when he entered pretrial confinement, his pay stopped, and his TRICARE benefits ceased. While we sympathize with the hardships these mistakes created for Appellant, we find that Appellant waived the issue of illegal pretrial confinement and is not entitled to sentence relief.

### 1. Additional Background

During sentencing, the military judge asked Appellant whether he had been punished in any way that might constitute illegal pretrial punishment under Article 13, UCMJ. Appellant and trial defense counsel responded in the negative. Later, the Government called Appellant's first sergeant, KL, as a witness. During cross-examination of KL, trial defense counsel elicited evidence that, upon entry into pretrial confinement, Appellant's pay was erroneously stopped for several months. In addition, TRICARE dropped Appellant from its

---

[5] By not introducing sentencing exhibits, trial defense counsel did not cause relaxation of the evidence rules and did not give the Government the opportunity to reoffer the civilian convictions in its sentencing rebuttal case.

[6] In his clemency request, Appellant asked the convening authority to disapprove the reduction in rank to the grade of E-1.

medical coverage. Following KL's testimony, the military judge again asked trial defense counsel whether Appellant had suffered any illegal pretrial punishment. In response to the military judge's inquiry, trial defense counsel stated that the Defense was using the pay and benefits loss in mitigation and extenuation and not urging an Article 13, UCMJ, violation.

### 2. Law and Analysis

When "an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citations omitted). Additionally, the "failure at trial to raise the issue of illegal pretrial punishment waives that issue for the purposes of appellate review absent plain error." *United States v. Inong*, 58 M.J. 460, 461 (C.A.A.F. 2003).

Appellant expressly denied having experienced illegal pretrial punishment under Article 13, UCMJ, when asked about it during his arraignment. However, our superior court urges "military judges to remember that nothing precludes them from inquiring sua sponte into whether Article 13 violations have occurred, and prudence may very well dictate that they should." *Inong*, 58 M.J. at 465. Here, during sentencing, the military judge did exactly as urged by our superior court. After hearing about Appellant's loss of pay and benefits during trial defense counsel's cross-examination of KL, the military judge *sua sponte* asked a second time about the potential illegal pretrial punishment issue. Thereafter, Appellant again waived the issue. In so doing, Appellant intentionally gave up his right to seek relief under Article 13, UCMJ, thereby waiving this issue on appeal.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court