UNITED STATES, Appellee

v.

Christopher S. BUNGERT, Avionics Technician Third Class
U.S. Coast Guard, Appellant

No. 05-0423

Crim. App. No. 1203

United States Court of Appeals for the Armed Forces

Argued January 10, 2006

Decided February 21, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and EFFRON and BAKER, JJ., joined.  CRAWFORD, J.,
filed a separate opinion concurring in the result.

Counsel

For Appellant:  Lieutenant Commander Nancy J. Truax (argued).

For Appellee:  Lieutenant Commander John S. Luce Jr. (argued).

Military Judge:  Gilbert E. Teal


**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Avionics Technician Third Class Christopher Bungert pled guilty to, and was convicted of, using amphetamines and methamphetamines, distributing methamphetamines, attempting to distribute methamphetamines, and one specification of dereliction of duty, in violation of Articles 80, 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 892, 912a (2000).  Bungert pled not guilty to, and was acquitted of, possession of methamphetamines and a second specification of dereliction of duty, in violation of Articles 92 and 112a, UCMJ. Bungert was tried by a special court-martial composed of a military judge alone and was sentenced to a bad-conduct discharge, 180 days of confinement and reduction to the lowest enlisted grade.  In accordance with a pretrial agreement, the convening authority approved the sentence but suspended all confinement in excess of 120 days for a period of twelve months. The findings and sentence, as approved, were affirmed by the United States Coast Guard Court of Criminal Appeals in an unpublished opinion.  United States v. Bungert, No. CGCMS 24264 (C.G. Ct. Crim. App. Feb. 23, 2005).

A claim of error that is not raised at trial is waived unless it rises to the level of plain error.  Military Rule of Evidence (M.R.E.) 103.  An appellant cannot establish plain error unless he can show, inter alia, material prejudice to a

2

substantial right.  United States v. Fletcher, 62 M.J. 175, 179

(C.A.A.F. 2005).  We granted review in this case to determine

whether it was plain error for the military judge to admit

evidence in aggravation that consisted of testimony describing

the impact of Bungert's allegations that others in his unit had

used drugs.[1]  We find that Bungert has not met his burden to show

material prejudice to his substantial rights and, therefore, has

not established plain error.

BACKGROUND

In May 2003, a few days after he was asked to give a

voluntary urine sample, Bungert informed his commander that his

sample would test positive.  He offered to identify other drug

users in the hanger deck in exchange for "a deal."  Bungert

implicated eleven individuals who worked on the hanger deck --

six of whom he claimed to have had specific knowledge of their

drug use by personal contact and five of whom he suspected of

drug use through his observations of their actions.  All eleven

individuals named by Bungert were drug tested.  The six that

Bungert said he knew personally were interviewed by the Coast

Guard Investigative Service (CGIS).  The investigation did not

---

[1] We granted review of the following issue:

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY
ADMITTING AND CONSIDERING EVIDENCE OF UNCHARGED
MISCONDUCT WHICH WAS IMPROPER EVIDENCE IN AGGRAVATION
UNDER R.C.M. 1001(b)(4).

turn up any evidence that any of the eleven had ever used narcotics.

Bungert was convicted of four specifications alleging use, distribution and attempted distribution of drugs, as well as one specification of dereliction of duty.[2]  The Government called two witnesses at Bungert's sentencing hearing who primarily testified about the nature and scope of the investigation that was launched when Bungert identified eleven supposed drug users on the hanger deck.  His department head testified that as a result of Bungert's allegations, the base was shut down for a day, the command was locked down and a base-wide urinalysis was conducted, flight operations were canceled and maintenance operations were shut down.  The CGIS agent who investigated the allegations testified that he interviewed Bungert and several of the individuals who had been implicated and that he spent sixty to seventy hours on the investigation over the course of five weeks.  Trial defense counsel did not object to the testimony of either witness.

During closing arguments the trial counsel argued that Bungert had made baseless allegations that took up time and resources in an attempt to garner favorable treatment for himself.  The trial counsel asked that the wasted time and

---

[2] The dereliction of duty specification involved a violation of Article 92 for abuse of a Government credit card.

energy of all individuals involved be taken into account when determining Bungert's sentence. Trial defense counsel did not object to this line of argument.

DISCUSSION

Rule for Courts-Martial (R.C.M.) 1001(b)(4) provides:

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

Bungert argues that the military judge committed plain error when he allowed evidence of uncharged misconduct in violation of R.C.M. 1001(b)(4). He argues that the evidence concerning the Coast Guard's response to his allegations that others were involved with drugs did not "directly" result from his various drug offenses, but rather from his identification of others involved with drugs and therefore did not constitute proper evidence in aggravation under R.C.M. 1001(b)(4). The Government responds that there was no plain error and that the Coast Guard's response to Bungert's allegations that other individuals were involved with drugs was a "direct" result of his drug offenses.

Where, as here, no objection is raised at trial, an appellant can only prevail on appeal if he can show plain error. M.R.E. 103. To establish plain error, the appellant must demonstrate: (1) that there was error, (2) that the error was plain or obvious, and (3) that the error materially prejudiced one of his substantial rights. Fletcher, 62 M.J. at 179. The appellant has the burden of persuading the court that the three prongs of the plain error test are satisfied. United States v. Scalo, 60 M.J. 435, 436 (C.A.A.F. 2005).

As all three prongs must be satisfied in order to find plain error, the failure to establish any one of the prongs is fatal to a plain error claim. Here, we need not address whether there was error or whether any error was plain or obvious, as even if these two prongs were satisfied, Bungert has failed to establish any material prejudice to his substantial rights. See Olano v. Gray, 507 U.S. 725, 737 (1993) (Supreme Court assumed without deciding the existence of the first two prongs of the plain error analysis and went directly to the prejudice prong).

Bungert has offered no evidence that he was prejudiced in any substantial way by the testimony of the Government's sentencing witnesses. While he argues that these two witnesses comprised the Government's entire case in aggravation, he does not explain how the outcome might have been different if their testimony had been excluded, particularly in light of the fact

6

that the sentencing was by a military judge sitting alone. Bungert also fails to explain how he was materially prejudiced when he received the protection and benefit of a pretrial agreement that limited his maximum possible time in confinement to 120 days regardless of the sentence adjudged by the court. See United States v. Reist, 50 M.J. 108, 110 (C.A.A.F. 1999); United States v. Hardsaw, 49 M.J. 256, 258 n.1 (C.A.A.F. 1998); United States v. Williams, 47 M.J. 142, 144-45 (C.A.A.F. 1997). In the absence of evidence of material prejudice, Bungert's plain error claim must fail.

DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

United States v. Bungert, No. 05-0423/CG

    CRAWFORD, Judge (concurring in the result):

    I concur in the result and would follow Supreme Court precedent concerning the "plain error" standard. See United States v. Cary, 62 M.J. 277, 279-280 (C.A.A.F. 2006)(Crawford, J., concurring in the result).