# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**PATRICK J. EZEL**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201400093**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 4 October 2013.
**Military Judge:** Col Deborah McConnell, USMC.
**Convening Authority:** Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj J.N. Nelson, USMC.
**For Appellant:** Capt Jason Wareham, USMC.
**For Appellee:** LCDR Keith Lofland, JAGC, USN; LT Ian D. MacLean, JAGC, USN.

**22 January 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A general court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of violating a lawful general order by wrongfully providing alcohol

to a minor and indecent conduct[1] in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920. The members sentenced the appellant to reduction to pay grade E-1 and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The appellant raises four assignments of error (AOE): (1) his sentence is inappropriately severe, (2) the prosecutor argued improper aggravation evidence in sentencing, (3) the military judge committed plain error by allowing improper evidence in aggravation in sentencing, and (4) his conviction for indecent liberties with a child is legally and factually insufficient.[2]

After careful consideration of the record of trial, the parties' pleadings, and the appellant's assignments of error, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

On the evening of 10 September 2011, the appellant provided his 15-year-old stepson, MP, with several alcoholic beverages. The appellant then pulled up adult pornography on his laptop computer and had MP watch the pornography with him for approximately fifteen minutes. The appellant's statement to Naval Criminal Investigative Service alleged that MP asked to try the appellant's alcoholic beverage before the appellant gave him alcohol. The appellant also contended that MP had been asking him questions about oral sex and that the appellant's decision to show MP pornography was an attempt to provide him a visual representation of oral sex "so he could have a better understanding of how [oral sex] worked."[3]

However, MP alleged that the pornography was followed by the appellant performing fellatio on him, that the appellant

---

[1] In that the appellant did, at or near MCAS New River, North Carolina, on or about 10 September, 2011, engage in indecent conduct in the physical presence of MP, a male under 16 years of age, by showing pornography with the intent to arouse the sexual desire of the said MP.

[2] AOE IV is a summary AOE and is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have considered AOE IV and find no error. *United States v. Clifton*, 35 M.J. 79, 81 (C.M.A. 1992).

[3] Prosecution Exhibit 3 at 2.

2

exposed his penis to MP, and that the appellant required MP to masturbate the appellant. The members acquitted the appellant of these charges. Additional facts necessary for the resolution of particular assignments of error are included below.

## Evidence in Aggravation

During the sentencing hearing, and without objection, MP's mother (DE) described the impact the appellant's misconduct had on MP. The appellant now asserts that the military judge committed plain error by failing to limit DE's testimony to only those consequences arising from the convicted offenses.

Allegations of the admission of improper aggravation evidence not raised at trial are waived unless they rise to the level of plain error. *United States v. Bungert*, 62 M.J. 346, 347 (C.A.A.F. 2006). The plain error standard requires: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Hardison,* 64 M.J. 279, 281 (C.A.A.F. 2007) (citation omitted). The appellant bears the burden of demonstrating the three prongs of the test are met. *Id.*

During the Government's sentencing case, DE responded to questions from the Trial Counsel about MP's "incident with his dad," by testifying that MP became "mean," "very withdrawn" and needed "trauma therapy" for 24 weeks.[4] The defense lodged no objections to the trial counsel's questions or DE's responses. During cross-examination, the defense established that MP was "quiet" and attended therapy even before the date of the misconduct.[5]

RULE FOR COURTS-MARTIAL 1001(b)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (22012 ed.) provides that: "[t]he trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person . . . who was the victim of an offense committed by the accused[.]" MP was the victim of the appellant's indecent act and testimony regarding the impact of psychological changes in MP after the appellant's misconduct was proper evidence in aggravation at sentencing. We are not

---

[4] Record at 831-832.

[5] *Id.* at 835.

convinced that use of the phrases "the incident" or "trauma therapy" constituted error, let alone plain error.

The appellant also contends that the probative value of DE's testimony was substantially outweighed by the danger of unfair prejudice and so violated MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). We disagree. DE's testimony was straightforward, probative evidence of the psychological impact the appellant's misconduct had on MP. The danger of which the appellant is concerned comes in the form of the evidence "inappropriately [misleading] the members"[6] into sentencing the appellant for the misconduct of which the member's acquitted him. However, we find this possibility remote, especially in light of the fact that the members heard all of the evidence, acquitted the appellant of some of the offenses, and were then properly instructed by the military judge that "the accused is to be sentenced only for the offenses of which he has been found guilty."[7] Consequently, we find the appellant has failed to establish plain error.

**Improper Argument**

Similarly, the appellant argues that trial counsel improperly argued that the members should sentence the appellant for the offenses for which he was acquitted. Improper argument is a question of law that we review *de novo*. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). Since the defense counsel did not object to trial counsel's sentencing argument, we review this claim for plain error as well. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). Having considered the record of trial and the appellant's brief, we find none.

The appellant submits that the trial counsel's repetitive use of the phrase "facts that you've heard over the last couple of days" was an improper reference to the misconduct of which the appellant was acquitted. However, when read in context, we disagree with the appellant that the trial counsel's use of this phrase rises to the level of plain error.[8]

---

[6] Appellant's Brief of 4 Aug 2014 at 13.

[7] Record at 849.

[8] The trial counsel's sentencing argument included the following: "The accused in his unsworn statement just asked you to consider his statement that this is the worst day of his life. Let's think about MP on the worst day of his life, 10 September 2011. Gentlemen, we've heard lots of facts come out. I ask you to retrace back to what you've heard from yesterday and the day before. What you heard the accused did to his son. What you convicted him

4

**Sentence Appropriateness**

Finally, the appellant argues that his sentence is inappropriately severe. "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

First, we note that the appellant's awarded sentence of reduction to E-1 and a bad-conduct discharge was significantly less than the maximum he faced, which was confinement for seven years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. In addition, the appellant abused his position of trust by providing his son with alcohol to the point of intoxication and showing his son pornography with the intent to arouse his son's sexual desire. After the appellant's misconduct, MP changed from being "happy" to "quiet and withdrawn," and "[h]e didn't want to be a part of life anymore."[9] Under these circumstances, we find this sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Relief at this juncture would be an act of clemency, a wholly separate function allocated by Congress to the convening authority. *Healy*, 26 M.J. at 395-96.

**Conclusion**

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

of, providing alcohol, getting him liquored up, and showing him pornography. Those actions, Gentlemen, for the facts that you've heard for the past couple days, the government respectfully requests that you award him a dishonorable discharge, 18 months confinement, and reduction to E-1." *Id.* at 841.

[9] *Id.* at 829, 831.