**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class TYLER W. CROWELL**
**United States Air Force**

**ACM S32267**

**21 October 2015**

Sentence adjudged 4 September 2014 by SPCM convened at Royal Air Force Mildenhall, United Kingdom. Military Judge: Christopher F. Leavey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $1,021.00 pay per month for 6 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Jennifer A. Porter and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and HECKER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, consistent with his pleas, of larceny, assault consummated by a battery and stealing mail matter, in violation of Articles 121, 128, 134, UCMJ, 10 U.S.C. §§ 921, 928, 934. The court sentenced Appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of $1,279.00 pay per month for 6 months, and reduction to E-1. The convening authority lowered the forfeiture amount to $1,021.00 and approved the remainder of the sentence as adjudged.

On appeal, Appellant contends the trial counsel introduced inadmissible uncharged misconduct during sentencing and made an improper sentencing argument. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.MA. 1982), Appellant also argues his sentence is inappropriately severe when compared to a closely related case. We disagree and affirm. We also order withdrawal of the original convening authority action and that a new action be issued which corrects a clerical error.

*Background*

In January and February 2014, Appellant and a female Airman took mail items found in unlocked mailboxes in the base post office. They did this on multiple occasions. Appellant focused on taking personal items such as greeting cards and amused himself by reading their contents. For this, Appellant pled guilty to wrongfully stealing mail matter.

During this same time frame, Appellant and the female Airman on multiple occasions stole items out of unlocked cars parked off base. These items included at least five global positioning systems, a mobile phone, an iPod, a yoga mat, a change purse, currency of over $50.00, a watch, and a wheel locking kit. Appellant pled guilty to larceny of these items.

In April 2014, the female Airman visited Appellant in his dormitory room. After she fell asleep in his bed while fully clothed, Appellant touched her on the thigh and chest. He ultimately pled guilty to assault consummated by a battery.

*Sentencing Evidence*

For his actions with the female Airman, Appellant was originally charged with abusive sexual contact by touching her genitalia and breast while she was asleep and incapable of consent. Pursuant to a pretrial agreement, Appellant pled guilty to the lesser included offense of assault consummated by a battery by unlawfully touching her "thigh and chest" with his hands and the convening authority agreed not to approve a finding of guilty to the originally charged Article 120, UCMJ, offense.

In his providence inquiry, Appellant said he intentionally touched the Airman's thigh and chest while she was asleep. The stipulation of fact uses similar language. The Government called the female Airman as a sentencing witness. She testified that she awoke in Appellant's bed to find his "hand down [her] pants touching [her] genitals."

Appellant argues plain error occurred when the Government introduced evidence of inadmissible uncharged misconduct by having the victim describe her genitals being touched where the parties had already stipulated that Appellant had touched her thigh. Because there was no defense objection to the victim's testimony or the trial counsel's

argument, we review these issues to determine if (1) error was committed; (2) the error was plain, clear, or obvious; and (3) the error resulted in a material prejudice to Appellant. *See United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

Rule for Courts-Martial (R.C.M.) 811(e) "precludes the Government from evidencing facts at a court-martial which 'contradict' those agreed to in an accepted stipulation of fact." *United States v. Terlep*, 57 M.J. 344, 348 (C.A.A.F. 2002). The Government can, however, present evidence which "goes beyond" the facts in the stipulation as, in general, a stipulation of fact does not "prohibit proof of facts which are neither designated nor necessarily implied in the stipulation." *Id.* Error can occur if a victim's sentencing testimony expressly or implicitly contradicts the stipulation of fact. *Id.*

In a similar case, our superior court found no error when a victim's sentencing testimony described a rape when the accused pled guilty to the lesser offense of assault and the parties entered into a stipulation of fact which stated the accused touched the victim's body with his hands without her permission. *Id.* The court found the victim's testimony did not contradict the stipulation of facts because (1) the stipulation did not expressly state that a rape did not occur, (2) the stipulation did not expressly provide that the acts described in it were the only touching that occurred that night, (3) it was not necessarily inferable from the stipulation that a rape did not also occur, and (4) the defense counsel indicated his understanding that the stipulation was limited in nature and that the parties had additional evidence about the evening's events. *Id.*

The court also noted that R.C.M. 1001(b)(4)'s provision regarding aggravation evidence

> permit[s] the judge to fully appreciate the true plight of the victim in each case. . . . [T]he entrance of the Government and appellant into a plea bargain for a lesser charge than rape does not change the facts as to what happened to the victim that night in her view. Furthermore, the search for truth in the courtroom need not be dispensed with simply because a plea agreement exists outside it. The plea agreement here did not expressly bar the victim in this case from giving her complete version of the truth, as she saw it, to the factfinder at the sentencing hearing. Absent an express provision in the pretrial agreement or some applicable rule of evidence or procedure barring such evidence, this important victim impact evidence was properly admitted.

*Id.* at 350.

Here, like in *Terlep*, Appellant was charged with a sexual offense but pled guilty to a lesser offense that did not have a sexual component. The stipulation of fact here stated Appellant "unlawfully and intentionally touched [the victim] on the thigh and on her chest . . . [with] no legal justification or excuse and . . . without her consent." As in *Terlep*, the stipulation did not expressly say Appellant did not put his hands down the victim's pants and touch her genitals on the night in question, nor does it say that a touching of the thigh and chest was all that occurred. It was not necessarily inferable from the stipulation that a touching of the genitals did not also occur. Lastly, by failing to object to the victim's version of the incident, the defense counsel tacitly acknowledged his understanding that the Government would present additional evidence about the incident.

We thus find the victim's sentencing testimony did not expressly or implicitly contradict the stipulation of fact. Although the convening authority agreed to not approve a finding of guilt to the greater Article 120, UCMJ, offense, the pretrial agreement did not restrict the Government's ability to present the victim's version of the events during the sentencing phase of the trial. That testimony was admissible as an aggravating circumstance directly relating to the battery offense of which Appellant was found guilty. *See* R.C.M. 1001(b)(4).

*Sentencing Argument*

During the trial counsel's sentencing argument, he stated Appellant "put his hand under [the victim's] clothing to feel her breast and her thigh while she slept." Because there was no evidence Appellant touched the victim's breast, Appellant now contends the trial counsel improperly argued facts that were not in evidence. Because there was no defense objection to the victim's testimony or the trial counsel's argument, we review these issues to determine if (1) error was committed; (2) the error was plain, clear, or obvious; and (3) the error resulted in a material prejudice to the appellant. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007).

Counsel are to limit arguments to the evidence in the record and fair inferences that may be drawn from that evidence. *United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007). Improper argument is prejudicial if it so tainted the proceeding that we cannot be confident that the appellant was sentenced on the basis of the evidence alone. *See Erickson*, 65 M.J. at 224. In a judge alone case, we evaluate the impact by considering the severity of the improper argument and the weight of the evidence supporting the sentence. *See id.* We also presume military judges are able to distinguish between proper and improper sentencing arguments. *Id.* at 225.

Here, the trial counsel's description of the victim's "breast" being touched was only a brief reference in a lengthy sentencing argument. Furthermore, there was significant evidence to support the sentence received by Appellant. He engaged in a

course of misconduct involving the theft of mail that had been sent to other military members and items from cars and he also took advantage of his friend by deciding to touch her chest and thigh while she was asleep. We are confident Appellant was sentenced on the basis of the evidence alone and his sentencing proceedings were not tainted by the trial counsel's reference to the word "breast." Thus, no plain error occurred.

*Sentence Comparison*

Pursuant to *Grostefon*, Appellant argues his sentence is inappropriately severe when compared to the sentence received by the female Airman who participated in the mail and automobile thefts with him. We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In exercising sentence appropriateness review, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). An appellant bears the burden of demonstrating that any cited cases are "closely related" to the appellant's case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If the appellant meets his or her burden to demonstrate closely related cases involve highly disparate sentences, the government "must show that there is a rational basis for the disparity." *Id.*

The female Airman who participated in the mail and automobile thefts with Appellant was sentenced at a summary court-martial to ten days confinement and reduction to E-1. Appellant recognizes that he was also convicted of assault consummated by a battery for his conduct in touching the Airman while she was asleep

but argues this additional charge is not a sufficient basis for the disparity in their sentences.

Because of this additional serious charge, the cases of Appellant and the female Airmen are not closely related. We therefore decline to engage in a sentence comparison. Also, we have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

*Erroneous Action*

Although not raised by Appellant, we note an error in the action taken by the convening authority in this case.

Appellant was sentenced on 4 September 2014 to a sentence that included forfeitures of $1,279 pay per month for 6 months, a bad-conduct discharge, 6 months of confinement, and reduction to E-1. On 15 September 2014, Appellant, through counsel, requested a deferment of the adjudged forfeitures until action was taken in the case, instead of having them take effect 14 days after the sentence was announced. *See* Article 57(a)(1), UCMJ, 10 U.S.C. § 857(a)(1). The trial defense counsel noted that Appellant's adjudged reduction in rank would be effective 14 days after his court-martial and that pursuant to R.C.M. 1003(b)(2), the two-thirds forfeiture is calculated based on the reduced rank. Because the adjudged forfeitures of $1,279 pay exceeded the maximum forfeitures allowed for an E-1, the trial defense counsel asked for those adjudged forfeitures to be deferred until action. According to the trial defense counsel, this would prevent Appellant from losing pay in excess of what was allowed at his special court-martial.[1] The convening authority approved the request on 17 September 2014, directing that the adjudged forfeitures be deferred until action. When he took action on 6 October 2014, however, the convening authority failed to reflect his approval of that request in his action as required. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.29.1.3 (6 June 2013).

"When the action of a convening authority is incomplete, ambiguous, or contains clerical error, [this court] may instruct the convening authority who took the action to withdraw the original action and substitute a corrected action, and the convening authority shall modify the action accordingly." *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008) (quoting R.C.M. 1107(g)) (brackets, citation, and internal quotation marks omitted). We order withdrawal of the original action and that a new action be

---

[1] At the 14-day point, the mandatory forfeitures of two-thirds pay at the E-1 rate would begin. *See* Air Force Instruction 51-201, *Administration of Military Justice*, 51-201, ¶ 9.27 (6 June 2013).

issued which corrects the clerical error regarding the deferment of adjudged forfeitures. *See* AFI 51-201, ¶ 9.29.1.3 and Figure 9.12 (6 June 2013).

*Conclusion*

The approved findings are correct in law and fact, and no error in the findings prejudicial to the substantial rights of the appellant occurred. Therefore, on the basis of the entire record, the findings are affirmed. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the original action and substitution of a corrected action. Article 66(e), UCMJ, 10 U.S.C. § 866(e); R.C.M. 1107(g). Thereafter, Article 66(b), UCMJ, 10 U.S.C. § 866(b), will apply.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32267