CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TRAVIS HERNANDEZ**
**United States Army, Appellant**

ARMY 20160558

Headquarters, 82d Airborne Division
Deidra J. Fleming, Military Judge
Lieutenant Colonel Susan K. McConnell, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief); Lieutenant Colonel Tiffany Pond, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Major Austin L. Fenwick, JA; Captain Joshua Banister, JA (on brief).

31 January 2019

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

A panel composed of officers and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of maltreatment and one specification of abusive sexual contact in violation of Articles 93 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 893 and 920 (2012) (UCMJ). Additionally, pursuant to his plea, appellant was convicted of one specification of violating a lawful general regulation, in violation of Article 92,

UCMJ.[1] The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 90 days, forfeiture of $1,566.90 pay per month for three months, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. Appellant raises three assignments of error: none merit relief, but one merits discussion.[2] Specifically, appellant asserts for the first time on appeal that the military judge erred when she[3] failed to instruct the panel on the proper *mens rea* for the offense of abusive sexual contact. Even assuming arguendo appellant is correct, we find that he cannot establish material prejudice to a substantial right.

## BACKGROUND

Appellant was Private First Class (PFC) PR's supervisor. Once appellant and PFC PR both self-identified as being homosexual, they became friends and began to socialize outside of work. According to appellant, they cuddled, watched movies together, shared intimate details about previous relationships, and had seen each other naked.[4] Appellant testified that nothing sexual had ever happened between himself and PFC PR.

On 11 February 2016, appellant and PFC PR were roommates on a training exercise. After a cookout, PFC PR went into the restroom to take a shower. Appellant subsequently entered the restroom to urinate and started a conversation with PFC PR. During this conversation, appellant believed it was time to make his move. According to appellant, he entered the shower uninvited and touched PFC PR's penis. When PFC PR pushed appellant's hand away and exited the shower, appellant did not attempt to touch him again. When PFC PR texted appellant about his actions in the shower, appellant apologized. At trial, appellant was asked about why he apologized, and he explained, "Because I was like, 'My bad . . . I thought we were on the same page.'"

At the close of the evidence, the military judge held an Article 39(a), UCMJ session to discuss the findings instructions. With input from the parties, the military

---

[1] Appellant was found not guilty of one specification of maltreatment and one specification of indecent exposure in violation of Articles 93 and 120c, UCMJ.

[2] We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and found that they lack merit.

[3] Corrected

[4] Private First Class PR denies these interactions.

2

judge concluded she would give the standard Military Judges' Benchbook[5] instructions on abusive sexual contact, including note five ("by causing bodily harm"); note seven ("lack of consent as an element"); note twelve ("mistake of fact as to consent in cases involving bodily harm where lack of consent is an element"); and note thirteen ("voluntary intoxication and mistake of fact as to consent in cases involving bodily harm where lack of consent is an element").

Prior to providing the instructions to the panel, the military judge specifically inquired whether either party had any concerns with the proposed findings instructions. Neither party had any concerns. The military judge then instructed the panel that to convict appellant of abusive sexual contact, they had to be convinced beyond a reasonable doubt of the following:

> One, that at or near Fort Hood, Texas on or about 11 February 2016, the accused committed a sexual contact upon [PFC PR], to wit: grabbing [PFC PR]'s penis with his hand;
>
> Two, that the accused did so by causing bodily harm to [PFC PR], to wit; grabbing [PFC PR]'s penis with his hand without [PFC PR]'s consent; and
>
> Three, that the accused did so without the consent of [PFC PR].

The military judge further instructed the panel concerning the sexual contact:

> "Sexual contact" means: (A) touching, or causing another person to touch, either directly or indirectly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with an intent to abuse, humiliate, or degrade any person; or (B) any touching, or causing another person to touch, either directly or through the clothing, any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person.

These instructions mirrored the template in the Benchbook and the statutory language of Article 120, UCMJ. Based on the government's charging decision, the military judge further explained to the panel that proof of the victim's lack of consent was required for both the sexual contact and bodily harm elements. The

---

[5] *See* Dep't of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [Benchbook], para. 3-45-16 (10 Sep. 2014).

panel was told to consider "[a]ll the surrounding circumstances" to determine whether PFC PR gave consent.

The military judge also provided the following instructions on mistake of fact as to consent:

> Mistake of fact as to consent is a defense to that charged offense. "Mistake of fact as to consent" means the accused held, as a result of ignorance or mistake, an incorrect belief that the other person consented to the sexual conduct as alleged. The ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances. To be reasonable, the ignorance or mistake must have been based on information, or lack of it, that would indicate to a reasonable person that the other person consented. Additionally, the ignorance or mistake cannot be based on the negligent failure to discover the true facts.
>
> "Negligence" is the absence of due care.
>
> "Due care" is what a reasonable careful person would do under the same or similar circumstances.[6]

This instruction required the panel to consider appellant's state of mind and the reasonableness of his belief about the victim's consent.

## LAW AND ANALYSIS

Citing *Elonis v. United States*, 135 S. Ct. 2001 (2015), and other related cases, appellant asserts for the first time on appeal that the military judge erred when she[7] failed to instruct the panel on the proper *mens rea* for the offense of abusive sexual contact by bodily harm.[8]

The elements for this offense are: (1) that the accused committed a sexual contact upon another person by; (2) causing bodily harm to that other person.

---

[6] *See* Benchbook, para. 3-45-16 n.12.

[7] Corrected

[8] We note that the merits of this case were tried in August 2016, which was more than a year after *Elonis* was decided.

*Manual for Courts-Martial, United States* (2012 ed.) [*MCM*], pt. IV. ¶ 45.a.(d). In appellant's case, the sexual contact – grabbing PFC PR's penis with his hand – was also the bodily harm, and the military judge followed the Benchbook in instructing the panel on a third element of non-consent.

What *mens rea* applies to an offense is a question of law that we review de novo. *United Sates v. Gifford*, 75 M.J. 140, 142 (C.A.A.F. 2016). We acknowledge that our superior court noted in *United States v. Caldwell*, 75 M.J. 276, 280 n.3 (C.A.A.F. 2016), that *Elonis* has broader implications than just its interpretation of 18 U.S.C. § 875(c); however, that broad implication extends only to situations where a statute is silent as to the requisite mental state. Here, appellant was convicted of abusive sexual contact. The requisite *mens rea* is listed in the definition of sexual contact: appellant must have either an intent to abuse, humiliate, or degrade any person; or an intent to arouse or gratify the sexual desire of any person. *See* Article 120(g)(2), UCMJ. Therefore, this case falls outside the Supreme Court's decision in *Elonis*, and the military judge provided the correct instruction.

However, even assuming arguendo that the military judge's instructions were somehow erroneous, "[b]ecause Appellant did not object to the military judge's instructions at trial, we review for plain error 'based on the law at the time of appeal.'" *United States v. Robinson*, 77 M.J. 294, 299 (C.A.A.F. 2018) (quoting *United States v. Guardado*, 77 M.J. 90, 93 (C.A.A.F. 2017)). As such, appellant "bears the burden of establishing: (1) there is error; (2) the error is clear or obvious; and (3) the error materially prejudiced a substantial right." *Id*. (citation omitted).

To establish plain error, "all three prongs must be satisfied." *United States v. Gomez*, 76 M.J. 76, 79 (C.A.A.F. 2017) (internal quotation marks omitted) (quoting *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006)). Put another way, "the failure to establish any one of the prongs is fatal to a plain error claim." *United States v. McClour*, 76 M.J. 23, 25 (C.A.A.F. 2017) (quoting *Bungert*, 62 M.J. at 348)). The third prong is satisfied if the appellant shows "a reasonable probability that, but for the error [claimed], the outcome of the proceeding would have been different." *Robinson*, 77 M.J. at 299 (quoting *United States v. Lopez*, 76 M.J. 151, 154 (C.A.A.F. 2017)) (citation omitted) (internal quotation marks omitted).

In this case, as in *Robinson*, "the third prong . . . resolves the issue before us." 77 M.J. at 299. In discussing the night in question, appellant testified that PFC PR did not invite appellant to get undressed, join him in the shower, or touch his penis. Instead, appellant was sexually aroused and believed it was a good time to make his move. According to appellant, "with gay guys . . . you just pretty much go straight to it." Simply put, appellant chose to take matters into his own hands, and his actions consciously disregarded a substantial and unjustifiable risk that PFC PR did not consent. In light of this uninvited and unrequested conduct, we find a lack of material prejudice from the alleged error.

5

In sum, because appellant "has not demonstrated that the military judge's failure to instruct on [a higher] *mens rea* requirement would have changed the outcome of the court-martial, we hold that the military judge did not plainly err in instructing the members." *Robinson*, 77 M.J. at 300.

## CONCLUSION

On consideration of the entire record, the findings of guilty are AFFIRMED. We AFFIRM only so much of the sentence as includes a dishonorable discharge, confinement for 90 days, reduction to the grade of E-1, and forfeiture of $1,566 pay per month for three months.[9]

Judge HAGLER and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[9] The sentence to forfeiture must "state the exact amount in whole dollars to be forfeited each month." Rule for Courts-Martial 1003(b)(2).