# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40210**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Christopher W. APGAR**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 April 2023

———————————

*Military Judge:* James Dorman.

*Sentence:* Sentence adjudged 3 August 2021 by GCM convened at Joint Base Pearl Harbor-Hickam, Hawaii. Sentence entered by military judge on 1 September 2021: Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Megan E. Hoffman, USAF.

*For Appellee:* Colonel Steven J. Grocki, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, CADOTTE, and MENDELSON, *Appellate Military Judges.*

Judge MENDELSON delivered the opinion of the court, in which Senior Judge POSCH and Judge CADOTTE joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MENDELSON, Judge:

In accordance with Appellant's pleas and pursuant to a plea agreement, a general court-martial comprised of a military judge sitting alone convicted Appellant of one specification of aggravated assault with a deadly weapon and one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928; and one specification of violation of a lawful general order, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1] The court-martial sentenced Appellant to a bad-conduct discharge, 12 months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority took no action on the findings and approved the sentence in its entirety.

Appellant personally raises a single issue on appeal, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): whether trial counsel committed prosecutorial misconduct in the sentencing argument. We find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

During Appellant's providence inquiry, Appellant described his use of the intoxicating substance dextromethorphan (DXM)[2] in violation of a lawful general order; his assault with a deadly weapon upon victim DD; and his assault consummated by a battery upon victim BV. While explaining to the military judge how he committed the offenses, he apologized for his use of DXM and expressed regret concerning the assaults on the two servicemember victims, DD and BV:

> I first want to apologize to my unit. I also want to apologize to the Air Force and anyone else who was impacted by my use [of DXM]. I now understand there are multiple more healthy ways to cope and know there is no excuse for using DXM. I am very sorry I ever chose to use DXM as a coping mechanism.
>
> . . . .

---

[1] Unless otherwise specified, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.). Pursuant to the plea agreement, three specifications of assault consummated by a battery and one specification of assault consummated by a battery upon an intimate partner were withdrawn and dismissed without prejudice, with prejudice to ripen upon completion of appellate review.

[2] DXM is an over-the-counter medication used as a cough suppressant.

. . . I regret my actions. I wish I could take them back, but I can't. I do hope that by pleading guilty I can give [DD] some solace so he can move forward, and it helps him close this chapter in his life.

. . . .

. . . While I did intend to make physical contact with [BV], I do not know why [I] did, and I wish it never happened.

[BV] has been my friend for years and I wish I could take back my actions that hurt her, but I can't. Undoubtedly my actions caused tremendous fear for [BV] as well as [DD]. I hope that by pleading guilty, as with [DD], I can also give [BV] some solace so she can move forward and know she never has to speak [to] me again and close this chapter in her life.

During presentencing proceedings, Appellant chose not to testify or provide an unsworn statement. In the Government's sentencing argument, trial counsel commented on Appellant's statements made during the providence inquiry, arguing that while Appellant apologized to the Air Force for using DXM, he never apologized to the assault victims DD and BV:

During his [providence] inquiry, he told the court that he hopes the victims find solace. He hopes that they are able to find closure in this. What you didn't notice in that statement was he never apologized. He doesn't say "I'm sorry." But you can contrast with what he said when he's talking about DXM where he apologized to the Air Force. So he's sorry to the Air Force for using cough medicine but not sorry to the people he attacked? Your Honor, a strong message needs to be sent to [Appellant].

Trial defense counsel did not raise any objection to this portion of trial counsel's sentencing argument. However, in the Defense's sentencing argument, trial defense counsel argued that Appellant expressed remorse during his providence inquiry: "In terms of remorse, [Appellant] expressed his remorse under oath in this very court, and hope for solace. Solace means comfort. That's what he hopes for by pleading guilty."

## II. DISCUSSION

Appellant contends trial counsel's sentencing argument was improper because "[t]here was no proper foundation . . . that [Appellant] was not remorseful for his actions" and claims "[t]rial counsel's commentary on [Appellant]'s

remorse or lack thereof was unfair and inflammatory."[3] The Government concedes error, in that trial counsel "lacked the proper foundation to make the 'lack-of-remorse toward the victims' argument," but maintains the error was not prejudicial. We find any error did not result in material prejudice to a substantial right.

**A. Law**

The issue of "[i]mproper argument is a question of law that we review de novo." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citation omitted). However, if defense counsel does not object to a sentencing argument by trial counsel, we review the issue for plain error. *Id.* (citing *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)). To establish plain error, an appellant "must prove the existence of error, that the error was plain or obvious, and that the error resulted in material prejudice to a substantial right." *Id.* at 106 (citing *Erickson*, 65 M.J. at 223). Because "all three prongs must be satisfied in order to find plain error, the failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

"The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). Three factors "guide our determination of the prejudicial effect of improper argument: '(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction[s].'" *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017) (alteration in original) (quoting *United States* v. *Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). "In applying the *Fletcher* factors in the context of an allegedly improper sentencing argument, we consider whether trial counsel's comments, taken as a whole, were so damaging that we cannot be confident that the appellant was sentenced on the basis of the evidence alone." *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (alteration, internal quotation marks, and citation omitted).

"Trial counsel is entitled to argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Frey*, 73 M.J. at 248 (internal quotation marks and citation omitted). "During sentencing argument, the trial counsel is at liberty to strike hard, but not foul, blows." *Halpin*, 71 M.J. at 479 (internal quotation marks and citation omitted). "[T]he argument

---

[3] In Appellant's assignments of error and reply briefs, appellate defense counsel repeatedly refers to statements made in Appellant's unsworn statement. However, Appellant did not make an unsworn statement. The record is clear that Appellant's statements were made during the providence inquiry.

by a trial counsel must be viewed within the context of the entire court-martial." *Baer*, 53 M.J. at 238. "The focus of our inquiry should not be on words in isolation, but on the argument as viewed in context." *Id.* (internal quotation marks and citations omitted).

When analyzing allegations of improper sentencing argument in a judge-alone forum, we presume a "military judge is able to distinguish between proper and improper sentencing arguments." *Erickson*, 65 M.J. at 225.

**B. Analysis**

Because there was no objection during trial counsel's sentencing argument, we analyze this issue under a plain error standard of review. Further, because the Government concedes error in that trial counsel "lacked the proper foundation to make the 'lack-of-remorse toward the victims' argument," we will assume without deciding that the error was clear or obvious. However, we find that Appellant has failed to demonstrate any material prejudice.

In testing for material prejudice, the first *Fletcher* factor considers the severity of the misconduct. 62 M.J. at 184. On this matter, we note that the "lack of a defense objection is some measure of the minimal impact of a prosecutor's improper comment." *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001) (internal quotation marks and citation omitted). Here, we find that the comments were minor and relatively insignificant. The comments were not the cornerstone of trial counsel's argument, as they constituted one paragraph out of 13 pages of the transcribed argument. We also note the comments were made in the context of trial counsel urging the military judge to sentence Appellant to 30 months of confinement, where the plea agreement required the military judge to impose between 6 and 30 months of confinement. Ultimately, the military judge sentenced Appellant to 12 months of confinement, which is one indicator of the minimal impact of trial counsel's comments.

Regarding the second *Fletcher* factor—curative measures taken—no curative instruction was necessary because of the judge-alone forum. We note that military judges are presumed to know and follow the law, absent clear evidence to the contrary. *See United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997) (per curiam); *see also Erickson*, 65 M.J. at 225 (noting the presumption that a military judge is able to distinguish between proper and improper sentencing arguments). Appellant has presented no evidence that the military judge in this case was unable to distinguish between proper and improper sentencing argument.

As to the third *Fletcher* factor—the weight of the evidence supporting the sentence—we find this factor weighs heavily in the Government's favor. The evidence in this case was strong and uncontested, as it came from Appellant's own admissions to the military judge during his guilty plea inquiry and the

stipulation of fact. Appellant admitted to assaulting two servicemembers, one with a deadly weapon, and to long-term abuse of an intoxicating substance. In accordance with the plea agreement, Appellant faced a maximum punishment that could have included a dishonorable discharge and 30 months of confinement. The adjudged sentence, which included a bad-conduct discharge and 12 months of confinement, fell far short of Appellant's maximum exposure. We find the facts and circumstances provide substantial justification to support the sentence, irrespective of trial counsel's comments. We conclude that the weight of the evidence supports the adjudged sentence.

In conclusion, we find that Appellant has failed to meet his burden to demonstrate that any error resulted in material prejudice to a substantial right. After considering trial counsel's comments as a whole, we are confident that Appellant was sentenced based on the evidence alone. *See Halpin*, 71 M.J. at 480.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

6