# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40231 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nathaniel H. PAUGH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 5 May 2023

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged on 25 October 2021 by GCM convened at Mountain Home Air Force Base, Idaho. Sentence entered by military judge on 3 December 2021: Bad-conduct discharge, confinement for 11 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Matthew L. Blyth, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Deepa M. Patel, USAF; Major John P. Patera, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of communicating a threat, four specifications of assault consummated by a battery, two specifications of domestic violence, and one specification of stalking, in violation of Articles 115, 128, 128b, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 915, 928, 928b, 930.[1] After accepting Appellant's pleas, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 11 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

## I. BACKGROUND

Appellant initially raised three issues on appeal: (1) whether referral of two specifications of communicating a threat unreasonably multiplied the charges; (2) whether the record of trial was incomplete because it was missing parts of two prosecution exhibits; and (3) whether assistant trial counsel made an improper sentencing argument.[2]

On 7 March 2023, we remanded the record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for correction under Rule for Courts-Martial (R.C.M.) 1112(d) to account for the two incomplete prosecution exhibits. *See United States v. Paugh*, No. ACM 40231, 2023 CCA LEXIS 119, at \*2–3 (A.F. Ct. Crim. App. 7 Mar. 2023) (order). The record is now complete, and issue (2) is moot. We now turn our attention to the remaining two issues.

## II. DISCUSSION

### A. Multiplication of Charges

As to issue (1), we find that the record demonstrates that Appellant expressly waived all waivable motions in his plea agreement and, more specifically, affirmatively waived any objection to an unreasonable multiplication of charges during the guilty plea inquiry. Moreover, "an unconditional guilty plea waives any unpreserved unreasonable multiplication of charges objection."

---

[1] All references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant personally raised the third issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

*United States v. Hardy*, 77 M.J. 438, 443 (C.A.A.F. 2018). Recognizing the principle of law stated in *Hardy,* we conclude Appellant waived the issue in this case. We have also evaluated whether to exercise our authority and mandate under Article 66(d), UCMJ, 10 U.S.C. § 866(d), to act despite Appellant's waiver, and determine that such action is not warranted in this case. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). Notably, Appellant concedes in his brief that dismissal of one of the two charges would "have no impact on his sentence." We now turn our attention to issue (3).

## B. Improper Sentencing Argument

Appellant claims that assistant trial counsel committed prosecutorial misconduct by engaging in improper sentencing argument. He alleges that assistant trial counsel: (1) argued facts not in evidence; (2) highlighted uncharged misconduct; (3) personally attacked Appellant; and (4) made a sentence recommendation based on what the victim "deserves." Trial defense counsel did not object to any portion of the argument. However, after assistant trial counsel's sentencing argument, the military judge, *sua sponte,* stated,

> All right, [the] Court just wants to make clear that it will only be sentencing [Appellant] for the crimes of which he has been convicted. To the extent that any of counsel's argument may have inferenced evidence which is not before this Court or made inferences which are not fair inferences from the evidence provided to this Court, this Court will not consider it. Additionally, this Court will not base any determination on what the victim would or would not deserve. The accused is to be punished for the crimes of which he has been convicted, solely, the Court understands its responsibility in that regard. To the extent that trial counsel's argument may have crossed any of those lines, the Court will disregard it in its entirety, those portions.

The issue of "[i]mproper argument is a question of law that we review de novo." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citation omitted). However, if the Defense does not object to a sentencing argument by trial counsel, we review the issue for plain error. *Id.* (citing *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)). To establish plain error, an appellant "must prove the existence of error, that the error was plain or obvious, and that the error resulted in material prejudice to a substantial right." *Id.* at 106 (citing *Erickson*, 65 M.J. at 223). "[T]he failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

"Trial counsel is entitled to argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (internal quotation marks and citation omitted). "[E]ither party may comment on properly admitted unsworn victim statements" during presentencing argument. *United States v. Tyler*, 81 M.J. 108, 113 (C.A.A.F. 2021).

"During sentencing argument, the trial counsel is at liberty to strike hard, but not foul, blows." *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013) (internal quotation marks and citation omitted). "[T]he argument by a trial counsel must be viewed within the context of the entire court-martial." *United States v. Baer*, 53 M.J. 235, 238 (C.A.A.F. 2000). "The focus of our inquiry should not be on words in isolation, but on the argument as viewed in context." *Id.* (internal quotation marks and citations omitted).

"The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Frey*, 73 M.J. at 248 (quoting *Baer*, 53 M.J. at 237). Three factors "guide our determination of the prejudicial effect of improper argument: '(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction[s].'" *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017) (alteration in original) (quoting *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). "In applying the *Fletcher* factors in the context of an allegedly improper sentencing argument, we consider whether trial counsel's comments, taken as a whole, were so damaging that we cannot be confident that the appellant was sentenced on the basis of the evidence alone." *Halpin*, 71 M.J. at 480 (alteration, internal quotation marks, and citation omitted).

"[T]he lack of a defense objection is 'some measure of the minimal impact' of a prosecutor's improper comment." *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001) (quoting *United States v. Carpenter*, 51 M.J. 393, 397 (C.A.A.F. 1999)).

In a military judge alone case we presume "that [a] military judge is able to distinguish between proper and improper sentencing argument." *Erickson*, 65 M.J. at 225.

We need not determine whether assistant trial counsel plainly erred during sentencing argument because Appellant cannot demonstrate that any error would have resulted in material prejudice to a substantial right. Here, the sentencing authority was a military judge, sitting alone. Military judges are presumed to know the law and to follow it absent clear evidence to the contrary.

*Id.* (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). In this case the military judge confirmed this presumption by *sua sponte* stating on the record, *inter alia*, that he would only consider proper argument by counsel. Furthermore, there is nothing in the record to suggest that the military judge was biased or in any way improperly swayed by assistant trial counsel's sentencing argument. After weighing the *Fletcher* factors, we are confident that the military judge properly sentenced Appellant on the basis of the evidence alone. *Erickson*, 65 M.J. at 224.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court